IN THE

# DISTRICT COURT

FOR THE

# CITY AND COUNTY OF PHILADELPHIA.

1839.

## ROBERTS ET AL. v. HUGG ET AL.

February 2, 1839.

*Rule to show cause why a judgment should not be set aside.*

Plaintiff issued a foreign attachment, and within two weeks after the return day filed a copy of an instrument of writing as the cause of action. After the lapse of a year, the defendant by putting in special bail, dissolved the attachment: *Held*, that the plaintiff is not entitled to judgment for want of an affidavit of defence, under the act of March 28, 1835, relative to this court, inasmuch as that act does not comprehend absent defendants not actually served with process, and who are not in court till after the expiration of the time allowed by that act for the filing of an affidavit of defence.

THIS was a foreign attachment to Dec. term, 1837, No. 66, Roberts, and others, against Hugg and Bell, copartners. The sheriff's return was "summoned Hugg, and as to Bell attached; and summoned Durden B. Carter et al. as garnishees," Dec. 6, 1839, affidavit of cause of action filed, and Dec. 16, 1837, a copy of promissory note filed. Nov. 24th, 1838, *narr.* filed and judgment was entered for want of an affidavit of defence against defendant Bell, and for want of an appearance against defendant Hugg, January 29, 1839, Bell entered special bail, and the attach-

ment was dissolved. Defendant Bell obtained a rule to show cause why the judgment entered against him, for want of an affidavit of defence should not be set aside.

*Perkins*, for the rule.
*Gerhard*, contra.

PER CURIAM.—The act of 28th March, 1835, does not comprehend absent defendants not actually served with process, and who were not in court, until after the expiration of the time allowed to file an affidavit of defence, (*Stroud's Purd. tit. Courts.*) The 72d section of the act of 13th June, 1837, (*ibid tit. Foreign Attachment,*) allowing the plaintiff to proceed as in case of capias, is not inconsistent with this view, because he is to proceed " in the manner hereinbefore provided," which embraces the right of the defendant to put in bail and dissolve the attachment at any time before money paid, and *then* the action proceeds as if instituted by capias. This is a provision having no relation to the class of cases which come within the scope of the act of 28th of March, 1835. The judgment against Bell was therefore irregular and must be set aside.

Rule absolute.