## Grant *versus* Hickcox.

1. In foreign attachment judgment cannot be taken for want of an affidavit of defence, although an appearance for defendant may have been entered.
2. The Act of March 28th 1835 (Affidavit of Defence) does not apply to absent defendants not actually served with process.

February 28th 1870. Before READ, AGNEW and SHARSWOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia :* No. 264, to January Term 1870.

This was a foreign attachment in assumpsit by Fanny Grant against George Hickcox. The writ was issued April 2d 1869, and the attachment served on John West and others, garnishees. On the 24th of May, a copy of the note on which the action was

[Grant v. Hickcox.]

founded was filed. On the 2d of June an appearance was entered for the garnishees, and on the 30th of October an appearance was entered for the defendant. On the 9th of December, a rule to declare was entered. On the 11th of the same month judgment was taken against the defendant for want of an affidavit of defence, and damages assessed at $3776.40. A rule to show cause why the judgment should not be stricken off was made absolute January 1st 1870.

The plaintiff, on removal of the case to the Supreme Court, assigned for error the striking off of the judgment.

*J. M. Pile,* for plaintiff in error, referred to Acts of June 13th 1836, Pamph. L. 583, Purd. 495, pl. 27; March 28th 1835, Pamph. L. 89, Purd. 337, pl. 8; Gillespie *v.* Smith, 1 Harris 65.

There was no paper-book or argument for the defendant in error.

The opinion of the court was delivered, March 7th 1870, by

SHARSWOOD, J.—Had the District Court refused, on motion, to enter judgment for want of an affidavit of defence, no one would be hardy enough to contend that such refusal would have been a final judgment upon which a writ of error would lie. It seems that having given judgment improvidently they struck it off, leaving the cause still pending and undetermined. In The Erie Bank *v.* Brawley, 5 Watts 530, it was held that a writ of error will not lie to reverse the order of a court setting aside an award of arbitrators; that the legality of such order can be reviewed only after the final decision of the court, and if erroneous, the award with all its consequences, including lien, will then be restored. It is not necessary to consider whether this case falls within the principle of that, as we are clearly of the opinion that the learned court below committed no error in striking off the judgment.

The 2d section of the Act of March 28th 1835, Pamph. L. 89, entitled "An act to establish a District Court for the city and county of Philadelphia," by which that court was empowered in certain cases to enter judgment for want of an affidavit, did not apply to actions commenced by the process of foreign attachment. That power was strictly a proceeding *in rem*, under the Act of 1705 (1 Smith 45), in which the defendant might at any time, before the money was paid, put in bail to the action, and if such bail was not put in, the plaintiff should have judgment granted at the third court after the effects were seized. These provisions were entirely incongruous with those of the Act of 1835, which entitled the plaintiff, having filed a copy of the instrument upon which suit was brought within two weeks after the return of the original process, to a judgment by default, or at any time after

the third Saturday succeeding the return-day, unless the defendant shall previously have filed an affidavit of defence, stating therein the nature and character of the same.   The 64th section of the Act of June 13th 1836, Pamph. L. 454, which allowed a defendant, instead of giving bail or security at his election at any time before judgment obtained in foreign attachment, to cause an appearance to be entered for him, and to take defence in the action, in which case the action shall proceed as if commenced by a summons without dissolving the attachment, produced no other effect than did a dissolution by the entry of bail.   In the one case the action proceeded as if commenced by a summons; in the other as if commenced by capias—in both cases the conversion of the action from a proceeding *in rem* to a proceeding *in personam* might take place long after the time for filing an affidavit of defence had expired.   In Roberts *v.* Hugg, 2 Miles 283, which was decided by the District Court in 1839, the plaintiff issued a foreign attachment, and within two weeks after the return-day filed a copy of an instrument of writing as the cause of action. After the lapse of a year the defendant, by putting in special bail, dissolved the attachment.   It was held that the plaintiff was not entitled to judgment for want of an affidavit of defence under the Act of March 28th 1835, inasmuch as that act does not comprehend absent defendants not actually served with process, and who are not in court till after the expiration of the time allowed for the filing of an affidavit of defence.   This was a contemporaneous exposition of the act, *fortissima in lege*, which has been since uniformly followed in that court.

Order affirmed.